Filed 12/19/23  P. v. Valdez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

DANNY MARTINEZ VALDEZ,

    Defendant and Appellant.

E080098

(Super. Ct. No. FWV028757)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Ingrid A. Uhler, Judge.  Affirmed in part, reversed in part with directions.

Bruce L. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

# I.

## INTRODUCTION

Defendant and appellant Danny Valdez appeals the trial court's order declining to dismiss a one-year enhancement imposed for a prior prison term. We affirm in part, reverse in part, and remand.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2003, a jury convicted defendant of corporal injury to a cohabitant (Pen. Code, § 273.5, subd. (a)).[1] In a bifurcated proceeding in January 2004, the court found true that defendant had four prior "strike" and serious felony convictions (§ 667, subds. (a)(1), (b)-(i)), and four prison priors (§ 667.5, subd. (b)). The prison priors were for a 1976 assault with intent to commit rape (§ 220), a 1979 assault with intent to commit rape (§ 220), a 1989 assault with a firearm (§ 245, subd. (a)(2)), and a 2001 criminal threat (§ 442). The trial court imposed a Three Strikes sentence of 25 years to life, plus four consecutive one-year terms for the four prison priors.

In 2014, the trial court denied defendant's request for recall and resentencing under section 1170.126. We affirmed that ruling in an unpublished opinion. (*People v. Valdez* (May 12, 2015, E060673) [nonpub. opn.].) In doing so, we noted that defendant was not entitled to resentencing relief if either his 1976 or 1979 convictions were a

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

"sexually violent offense" as defined in Welfare and Institutions Code section 6600, subdivision (b). (*People v. Valdez*, *supra*, E060673.) We held that both offenses qualified as sexually violent offenses, which rendered him ineligible for resentencing.

As for the 1976 conviction, we reasoned: "As reflected in the Penal Code section 969b packet admitted into evidence during the bench trial on defendant's alleged prior strike convictions, defendant was charged by complaint with rape 'by means of force' upon a victim in 1975. The information charged defendant with rape 'by means of force' and further alleged that in the course of the rape, defendant had 'intentionally inflicted great bodily injury' upon the victim. On January 6, 1976, defendant pled guilty to the lesser offense of assault with intent to commit rape in return for dismissal of the more serious charge. The description of the offense in the complaint and information as occurring 'by means of force' and the additional allegation in the information that defendant had 'intentionally inflicted great bodily injury' upon the victim are sufficient evidence that defendant's 1976 conviction met the 'force, violence, duress, menace, [or] fear of immediate and unlawful bodily injury' conditions making him ineligible for resentencing pursuant to section 1170.126." (*People v. Valdez*, *supra*, E060673.)

In July 2022, defendant filed a "Motion for resentencing pursuant to Proposition 36 and 57." The trial court denied the motion, finding no change in the law or circumstances that would warrant resentencing since the previous denial. The court also denied the motion as untimely with no good cause for delay. The court also found that

defendant was not entitled to resentencing under section 1170.126 because he had a "super strike" as defined in Welfare and Institutions Code section 6600, subdivision (b).

At an ex parte proceeding in September 2022, the court denied relief under sections 1171 and 1171.1. The proceeding was initiated by the People. The prosecution signed a "SB483 PC1171/PC1171.1 RESENTENCING STIPULATION FORM" indicating defendant was ineligible because he had priors for assault to commit rape (§ 220). The trial court signed the form and added in the order section, "No action necessary—deft ineligible for resentencing due to prior record involving PC 220." The minute order memorializing the proceeding states, "Court has read and considered SB483 PC1171/PC1171.1 Resentencing Stipulation form submitted by the clerk's office. The Court finds Petitioner does not satisfy the criteria in [section] 1171.1 and is not eligible for resentencing. Defendant ineligible for resentencing due to the prior record involving PC220."

Defendant timely appealed the trial court's rulings denying him resentencing relief under sections 1170.126 and 1171.1.

III.

DISCUSSION

Defendant concedes that the one-year enhancement for his 1979 assault with intent to commit rape (§ 220) should not be dismissed, but he contends that the remaining three one-year enhancements should be dismissed. Of those remaining enhancements, the People agree that the enhancements for defendant's convictions for assault with a firearm

4

(§ 245, subd. (a)(2)), and making a criminal threat (§ 442) should be dismissed, but they argue the enhancement for his 1976 conviction for assault with intent to commit rape should not be dismissed. We agree with the parties that enhancements for defendant's assault with a firearm and criminal threat convictions should be dismissed, but conclude the matter should be remanded for further proceedings on whether to dismiss the enhancement for defendant's 1976 conviction for assault with intent to commit rape.

When defendant was sentenced in 2004, section 667.5, subdivision (b), required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free from custody for at least five years. (Former § 667.5, subd. (b).) Under Senate Bill No. 483, which became effective January 1, 2022, only sexually violent offenses as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code now qualify for such one-year enhancements. (Stats. 2021, ch. 728, §§ 2, 3; Stats. 2022, ch. 58, §§ 11, 12; see § 1172.75, subd (a), renumbered from § 1171.1, effective June 30, 2022; *People v. Flores* (2022) 77 Cal.App.5th 420, 443.) Once a trial court is made aware of a sentence that includes such an enhancement, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

The parties agree, as do we, that defendant's assault with a firearm (§ 245, subd. (a)(2)), and making a criminal threat (§ 442) offenses are not "sexually violent crimes." The one-year enhancements imposed for them thus should have been dismissed. Defendant concedes, and we agree, that his 1979 assault with intent to commit rape

5

offense (§ 220) is a "sexually violent crime."  The one-year enhancement imposed for that offense thus should not have been dismissed.

That leaves defendant's 1976 conviction for assault with intent to commit rape. To be considered a sexually violent offense, a conviction for assault with the intent to commit rape under section 220 must be by means of force or violence, duress, menace, fear of bodily injury, or threat to retaliate.  (See § Welf. & Inst. Code 6600, subd. (b).) Although assault with the intent to commit rape usually is carried out by one of these means, that is not necessarily true in all cases.

"[A]ssault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."  (§ 240.)  Assault with the intent to commit rape "requires proof that an assault was committed, and that at some time during the assault it was the intention of the defendant to have sexual intercourse with his victim by force." (*People v. Clifton* (1967) 248 Cal.App.2d 126, 129.)  "If the defendant *intends* to have sexual intercourse with his victim and to use force to overcome her resistance, the crime of assault with intent to commit rape is committed."  (*People v. Green* (1960) 180 Cal.App.2d 537, 542-543, italics added.)

In other words, assault with the intent to commit rape requires the intention to use force, but not the actual use of force, so a conviction of assault with the intent to commit rape does not establish that the defendant actually used force during the assault.  It follows that the fact that defendant pled guilty to assault with the intent to commit rape does not prove that he actually used force in the commission of the crime.

6

The People understandably point to our prior decision affirming defendant's sentence in which we held allegations in the complaint and information charging him with rape "'by means of force'" and "'intentionally inflict[ing] great bodily injury'" on the victim was sufficient evidence that he committed the 1976 assault with the intent to commit rape offense with "'force, violence, duress, menace, [or] fear of immediate and unlawful bodily injury.'" (*People v. Valdez*, *supra*, E060673.) Based on this holding, the People argue the offense was a "sexually violent offense," and thus the trial court properly declined to dismiss the one-year enhancement imposed for it.

But "[t]he fact that a criminal charge has been filed against the defendant[] is not evidence that the charge is true." (CALCRIM No. 103.) And allegations contained in a complaint are not evidence. (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 96, fn. 2; *Hebberd-Kulow Enterprises, Inc. v. Kelomar, Inc.* (2013) 218 Cal.App.4th 272, 283 ["An attorney's argument in pleadings is not evidence."].)

Because there was no evidence other than the fact of defendant's 1976 conviction for assault with intent to commit rape, there was insufficient evidence to support a finding that the offense was "committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person," such that it constituted a sexually violent offense under Welfare & Institutions Code section 6600, subdivision (b). The trial court thus erred in declining to dismiss the one-year enhancement imposed for that offense.

But because neither party had an opportunity to argue whether the enhancement should have been dismissed, we conclude the appropriate course is to remand the matter for further proceedings as to only defendant's 1976 conviction consistent with section 1172.75.

## IV.

## DISPOSITION

The trial court's order declining to dismiss defendant's four one-year enhancements is affirmed in part and reversed in part. The court's order declining to dismiss the enhancement for defendant's 1979 conviction for assault with intent to commit rape is affirmed. The court's order declining to dismiss the enhancements for defendant's 1989 assault with a firearm and a 2001 criminal threat convictions is reversed. On remand, the trial court is directed to dismiss the enhancements for those convictions and to hold further proceedings consistent with section 1172.75 to decide whether to dismiss the enhancement for defendant's 1976 conviction for assault with intent to commit rape.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____
J.

We concur:

RAMIREZ _____
P. J.

MILLER _____
J.

8